Sewall, J.,
observed that, at the trial, he had some doubts in this cause; but since that time, on recurring to the books, and recollecting some former determinations of this Court,'he had satisfied himself that the verdict ought to stand.
* Sedgwick, J.
I will not say that, where a parent [ * 115 ] wholly abandons his child, as the defendant’s counsel seems to suppose the plaintiff has done here, he has a right to the earnings of such child. This is not, however, the present case. It appeared that the plaintiff had paid attention to the child. Every thing that had taken place relative to the services of the daughter, antecedent to July, 1801, was then compromised between the parties, and the daughter continued in the service of the defendant three years and five months under a new agreement, or, to say the least, under a caution from the plaintiff that his legal claims were not waived. The plaintiff was responsible for any necessary expenses of his child; and such expenses, if any had been incurred, were proper to be submitted to the jury, by way of set-off against this demand for wages — of the amount of both which, they were the regular and competent judges. I see no foundation to doubt of the correctness of the decision of the judge at the trial, and am therefore against setting aside the verdict.
Parsons, C. J.
The law is very well settled, that parents are under obligations to support their children, and that they are entitled to their earnings. It is true, parents may transfer this right, or authorize those who employ their children to pay them their own earnings, and the payment will be a discharge against the parents. But no such facts appear in this case. When the plaintiff’s child was thirteen years old, he makes his claim upon the defendant for her past services. This demand was adjusted by an arbitration. After this the plaintiff consented, on certain conditions, that she should continue in the service of the defendant, who was apprized that her father claimed a right to her earnings; notwithstanding which, he continued to retain her. He must be liable to pay the plaintiff the -eal value of the services rendered by his daughter. That value *112 has been settled by the proper tribunal, and there is no sufficient reason for setting aside the verdict. (a)

Judgment according to verdict.

 Nightingale vs. Withington, 15 Mass. Rep. 272.—Keene vs. Sprague, 3 Greenl 77.—Plummer vs. Webb, 4 Mason, 380.— Gale vs. Parrot, Adams's N. H. R. 28.— Jenney vs. Alden, 12 Mass. Rep. 375. — Angel vs. M’Lellan, 16 Mass. Rep. 28.— Whipple vs. Dow & Ux. 2 Mass. Rep. 415. — Dawes vs. Howard, 4 Mass. Rep. 97. — Freto vs. Brown, 4 Mass. Rep. 675. — Commonwealth vs. Hamilton, 6 Mass. 273. — Vide Whiting vs. Earle & Tr. 3 Pick. 201. — Burlingame vs. Burlingame, 7 Cowen, 92 — Chilson vs. Phillips, 1 Vern. R. 41. — Emery vs. Gowen, 4 Greenl. 3 Commonwealth vs. Murray, 4 Binn. 492.