Parker, C. J.
That an infant may endorse a negotiable prom issory note, or a bill of exchange, made payable to him, so as to transfer the property to an endorsee for a valuable consideration, seems to be well settled in the law merchant; and is no ways repugnant to the principles of the common law. Such endorsement is not like one made *by a feme covert; for a note payable to her becomes the property of her husband; and further, her acts are absolutely void, whereas those of an infant are voidable only.
*252 It would be absurd to allow one who has made a promise to pay to one who is an infant, or his order, to refuse to pay the money to one to whom the infant had ordered it to be paid, in direct violation of his promise; and it would impair the value of such contracts in the hands of infants, if they were unable to raise money on them, as others may do.
Whether an infant may avoid an endorsement so made, and oblige the promisor to pay to him, is a question not arising in this case ; for there has been no countermand or revocation of the order to pay, which is implied in his endorsement. If an action should be brought against the infant, as endorser, for the default of payment by the promisor, without doubt he may avoid such action by a plea of infancy. But that is a personal privilege, which none but himself can set up, in avoidance of any contract made in his favor, (a)
It is said, however, that the promise, of which this note was the evidence, was made in consideration of the earnings by the labor of the infant; and that those earnings accrued to his father, who, having received payment of the note after the endorsement, has intercepted the plaintiff’s right to recover.
We must see what are the rights of a father over the earnings of his son, in order to determine the merits of this objection. Generally, the father, and in case of his death, the mother, is entitled to the earnings of their minor children. (b) This right must be founded upon the obligation of the parents to nurture and support their children ; which obligation is compensated by a right to their services, or to the fruits of them if, by their permission, they are employed by other persons. But where the father has discharged himself of the obligation to support the child, or has obliged the child to support himself, there is no principle, *but that of slavery, which will continue his right to receive the earnings of the child’s labor, (c) Thus, if the father should refuse to support a son, should deny him a home, and force him to labor abroad for his own living, — or should give or sell him his time, as is sometimes done in the country, (although this latter practice is certainly questionable, as to any promise made in consideration of it,) —the law will imply an emancipation of the son; and, although it will not enable him to contract to his prejudice, it will give him the benefit of such contracts as are *253 made with him for his services ; and a payment made to the son, in such circumstances, will be a good discharge of such contract. (4)
In the case before us, the money sued for was due for the labor and service of Robert Vose, the minor. It does not appear that the services were contracted for by the father, or that he made any claim for the money due for them, (a) But a negotiable promissory note was given to the son, who was then permitted, as far as can be discerned by the facts, to make the contract for himself, and to receive the payment. There was no prohibition, by the father, to make payment to the son ; and it was not until after he had parted with the note for a valuable consideration,—a fact known to the father, — that he received payment of the note; and even then it does not appear that he claimed the money as his right; but that the payment was altogether voluntary by the defendant, who had full notice of the endorsement. These circumstances warrant us in deciding that such payment shall not avail the defendant. (b)

Defendant defaulted.

а) Oliver & Al. vs. Houdlett, 13 Mass. Rep. 237. —- Boston Bank vs. Chamberlain ante, 220.— Whitney vs. Dutch, 14 Mass Rep. 457.

 Benson vs. Remington, 2 Mass. Rep. 11.

 Benson vs. Withington, 2 Mass. Rep. 113. — Jenny vs. Alden, 12 Mass. Rep. 375, —Angel vs. M'Lellan, 16 Mass. Rep. 28.

 2 Mass. Rep. 113, Benson vs. Remington.— 1 Black. Comm. 453.

 Whiting vs. Earle, 3 Pick. 201.

 Bayley on Bills. — Ed. 45, 136, 465, 5th ed. — Goodsell vs. Myers, 3 Wend. 479. — Dubose vs. Wheddon, 4 M’Cord, 221.