Shaw C. J.
_ _ _ delivered the opinion of the Court. The case presents the question substantially, whether the assignee of Robert G. Smith the son, or the creditors of Pardon Smith the father, have the better title to the earnings of the son. It is a question of evidence upon the facts stated in the answer.
The general principle is, that a father is entitled to his minor son’s earnings, unless he has been emancipated ; but if the son does in fact act and make contracts for himself with the knowledge of the father, this is evidence of his consent to permit his son to contract for his employment and take his own earnings ; and where such consent has been given, neither the father himself, nor his creditors, can interpose after the wages in such an employment have been earned, to take the amount from the son. Benson v. Remington, 2 Mass. R. 113 ; Nightingale v. Withington, 15 Mass. R. 272 ; Whiting v. Earle, 3 Pick. 201.
One of the inconveniences arising from the necessity of deciding questions upon trustees’ answers, is, that it is not practicable through the trustee to ascertain particularly all the facts on which the question depends. From the meagre statement of the facts in the present case, we are of opinion that the son acted for himself. It is manifest that the father had once, by the indenture of apprenticeship, relinquished all claim to the earnings of his son, till his age of twenty-one. This he could not recall, but by the mutual consent of the master and of his son. The latter had now arrived at an age, when he was to some extent capable of .acting and judging for himself. He could not be obliged to engage in the more hazardous and laborious enterprise of a whaling voyage, but by his own consent.1 As the contract for the voyage was made by the son, as no claim for the earnings was at any time interposed by the father, and no notice given by him to the owners, we think that the assent of the father, to his making this contract on his own account, is to be presumed, that he or his assignee therefore is entitled to these earnings, that the attach *120 ment of the amount by the creditor of the father is inoperative and void, and therefore that the trustees must be discharged.[1]

Trustees discharged.

 See Randall v. Rotch, ante, 110; Nickerson v. Easton, ante, 107.

 See Corey v. Corey, 19 Pick. 29; Vent v. Osgood, ibid. 572; Stone v. Dennison, 13 Pick. 1; Wodell v. Coggeskall, 2 Metc. 91; Morse v. Welton, 6 Conn R. 547; Galbraith v. Blacky 4 Serg. & R. 207; United States v. Mertzt 2 Watts, 406.