## GEORGE KENDALL *versus* SAMUEL LAWRENCE.

A conveyance of land by a minor, neither avoided nor confirmed by him after coming of age, is valid as against an attachment made by one of his creditors, after the minor has become of age.

In an action to recover uninclosed woodland, evidence that the tenant cut wood and timber thereon, is competent to prove constructive notice to the demandant, that the tenant held a deed of the land not on record ; but it is very slight evidence, especially if the tenant is the owner of an undivided moiety of the land, and the evidence is offered to prove constructive notice, that he held an unrecorded deed of the other moiety.

The payee of a promissory note indorsed it, without consideration, to K., another creditor of the maker, to enable K. to sue both of their claims in one action, and K. having recovered judgment in such action, extended his execution on the land of the maker, and so became a trustee for the payee. In a subsequent action brought by K. to recover the land, it was *held*, that the declarations of the payee made before the indorsement of the note, were admissible in evidence, to defeat such extent.

THIS was a real action brought to recover an undivided moiety of a tract of woodland containing about ten acres, lying partly in Sterling and partly in Lancaster.

The trial was before *Shaw* C. J.

The demandant claimed title under an attachment of the land as the property of John W. Buttrick, made on the 31st of January, 1837, and the subsequent extent of his execution. It was admitted, that the judgment recovered by the demandant against J. W. Buttrick was founded upon two notes, one given to the demandant for his own use, and the other, payable to John Buttrick or his order ; that the last note was indorsed by John Buttrick to the demandant on the day when the suit was commenced, without consideration, for the purpose of enabling the demandant to sue on both notes ; and that if the de

mandant recovered, he would be a trustee for John Buttrick, for such proportion of the land as John Buttrick's debt bore to that of the demandant.

The tenant claimed title to the land under a deed of warranty from J. W. Buttrick and Josiah Wilder, who were tenants in common thereof, in equal shares. The deed was executed on the 20th of November, 1835, but was not recorded until the 28th of February, 1838. J. W. Buttrick was a minor when the deed was executed, and Wilder, of full age. J. W. Buttrick did not come of age until November or December, 1836 ; and on the 25th of February, 1837, he executed a quitclaim deed of the premises to Wilder, which was relied upon by the tenant as a deed of confirmation, the premises being described as subject to the prior conveyance to the tenant.

The tenant then offered evidence for the purpose of proving, that the demandant, at the time of his attachment, had actual or constructive notice of the prior conveyance by J. W. Buttrick and Wilder, to the tenant, although the deed was not recorded. This evidence tended to prove, among other things, that the tenant began to cut wood on the land in question, in the winter of 1835 and 1836, and of 1836 and 1837 ; that none of the land was converted into tillage land ; that it was cut mostly clean, but that some large, scattering trees were left standing ; that there was a fence between this woodland and the tenant's cleared land adjoining ; and that the land lay back a considerable distance from the main road.

Richard Hildreth testified, that he had had some conversation with John Buttrick upon the subject matter of the action. The demandant thereupon objected to any evidence of admissions made by John Buttrick. The judge ruled, that in the relation that John Buttrick stood to this title, his admissions and declarations, made before the indorsement of his note and the commencement of the action, were not admissible to affect the legal title of the demandant.

The judge proposed to instruct the jury, that if J. W. Buttrick was a minor when he joined with Wilder in the deed to the tenant, and if the demandant's attachment was made previously to the execution of the quitclaim deed to Wilder, the attachment would hold, whether the deed from Wilder and J

Kendall
v.
Lawrence.

W. Buttrick to the tenant was recorded or not, and whether the demandant had notice of the execution of such deed or not.

The judge also expressed an opinion, that as the land in question was open and uninclosed land, and as the tenant was owner of one undivided moiety thereof, as tenant in common, the evidence produced would not be sufficient to warrant the jury in finding, that the demandant had such notice of the prior unregistered deed, as to preclude him from availing himself of his attachment made before such deed was recorded.

A verdict was taken for the demandant, by consent; and the several points reserved were submitted to the consideration of the whole Court. If the Court should be of opinion, that, upon the deeds, the tenant had the better title, and that, upon the foregoing evidence, it would be competent for a jury to find that the demandant, at the time of his attachment, had such notice as would preclude him from availing himself of his attachment against a prior unregistered deed, then the verdict was to be set aside and a new trial granted ; otherwise judgment was to be entered on the verdict, for the demandant.

*Oct. 4th.*　　*Newton* and *Conant*, for the tenant, to the point, that the deed of J. W. Buttrick to the tenant was valid as against the subsequent attachment, it being voidable only and not void, and the right to avoid it being a personal privilege of the minor and his heirs, of which a stranger could not avail himself, cited *Oliver* v. *Howdlet*, 13 Mass. R. 237 ; *Whitney* v. *Dutch*, 14 Mass. R. 460 ; *Worcester* v. *Eaton*, 13 Mass. R. 374 ; *Boston Bank* v. *Chamberlin*, 15 Mass. R. 220 ; *Thompson* v. *Hamilton*, 12 Pick. 425 ; that the evidence produced, of acts of ownership by the tenant upon the land in question, was competent and sufficient to prove that the demandant had constructive notice of the existence of the unregistered deed, *Marshall* v. *Fisk*, 6 Mass. R. 24 ; *Davis* v. *Blunt*, 6 Mass. R. 487 ; *Trowbridge's Reading*, 3 Mass. R. 573 ; that such acts were sufficient to constitute a disseisin by the tenant, even as against a cotenant in common, *Small* v. *Procter*, 15 Mass. R. 495 ; *Pray* v. *Pierce*, 7 Mass. R. 381 ; *Poignand* v. *Smith*, 6 Pick. 172 ; *S. C.* 8 Pick. 272 ; *Rising* v. *Stannard*, 17 Mass. R. 285 ; *Shumway* v. *Holbrook*, 1 Pick. 114 ; and that

the evidence of the declarations of John Buttrick were admis-    <span style="float:right">Kendall<br>*v.*<br>Lawrence.</span> sible in evidence, *Bridge* v. *Eggleston,* 14 Mass. R. 245 ; *Davis* v. *Spooner,* 3 Pick. 284.

*Barton,* for the demandant, as to the question of construc- tive notice, cited *M'Mechan* v. *Griffing,* 3 Pick. 154 ; *Nor- cross* v. *Widgery,* 2 Mass. R. 506.

SHAW C. J. drew up the opinion of the Court. It appears    *Oct. 2d.* by the case stated, that the defendant claims title to the one undivided half of the tract of woodland, which is the subject of this suit, under a deed executed by John W. Buttrick, whilst he was a minor, under twenty-one years of age. The plaintiff claims under an attachment of the same moiety, as the property of the same John W. Buttrick, made after the latter came to full age, and before he had done any act, after coming of age, either confirming or rescinding the conveyance to Lawrence, the defendant. Upon this evidence it was ruled, that if Buttrick was a minor when he made his deed to the defendant, and if the plaintiff made an attachment, in other re- spects valid, before any confirmation made by the minor after coming of age, the attaching creditor would hold the land against the minor's conveyance. This opinion was founded on the supposition, that as the conveyance of the minor was voidable, as he could disaffirm it when he came of age, and convey it to another by deed, and as an attachment and levy of execution, are in the nature of a statute conveyance, an attach- ment would have the effect to disaffirm the conveyance.

But the Court are of opinion, and, in that opinion, upon a consideration of the authorities, I concur, that this direction was incorrect. The rule seems well established by decided cases, that the deed of a minor, conveying his land for a valuable consideration, is voidable and not void, that the right to avoid it on coming of age, is a personal privilege to the minor and his heirs, and that it cannot be avoided by an attachment, made by a creditor after the minor comes of age. *Oliver* v. *Howd- let,* 13 Mass. R. 237 ; *Worcester* v. *Eaton,* 13 Mass. R. 374 ; *Whitney* v. *Dutch,* 14 Mass. R. 460 ; *Boston Bank* v. *Cham- berlin,* 15 Mass. R. 220 ; *Nightingale* v. *Withington,* 15 Mass. R. 271. It follows from this principle, that, as the mi- nor had not disaffirmed his deed when the attachment was

made, the defendant, holding by a prior deed, if that deed was otherwise available, had the better title.

The other material ground relied upon by the plaintiff is, that though the defendant held by a deed executed before the plaintiff's attachment, yet it was not registered till long after that attachment, and therefore, by force of the statute, it cannot avail against the attachment.    *St.* 1783, *c.* 37, § 4.

In answer to this, the defendant insists on the well known implied exception long since engrafted upon the rule, that such unregistered deed is good and available against a subsequent purchaser or attaching creditor, who has notice of the existence and execution of the prior unregistered deed.    Bigelow's Digest, *Conveyance, H.** And the defendant offered evidence tending to show, that the plaintiff, at the time of his attachment, had actual or constructive notice of the existence of the defendant's prior deed.

Much evidence was offered of acts of occupation and ownership, by the defendant, in the woodlot in question, in cutting and carrying away wood and timber, during two successive winters, which evidence is detailed at some length in the report.    The Court are of opinion, that this was competent evidence of constructive notice, but that it is very slight, and has very little tendency to give notice to strangers, that the person thus cutting wood and timber, holds a deed of such lot, which deed is not on record ; and such evidence is still more slight, when the party thus cutting wood and timber is the owner of an undivided moiety of the lot, that he holds an unregistered deed of the other moiety from his cotenant.

One other point may be important, should the cause be again tried, and has therefore received the consideration of the Court.

The defendant offered to give in evidence the admissions and declarations of one John Buttrick, on this ground.    It was conceded, that the judgment recovered by the plaintiff against John W. Buttrick, was upon two notes, one payable to the plaintiff himself, the other to John Buttrick or order.    This last was indorsed by John Buttrick to Kendall the plaintiff, on the day the suit was commenced, without consideration, to

---

* Now made an express exception by Revised Stat. *c.* 59, § 28.

enable Kendall to sue both notes in one action ; and if the plaintiff recovers, he will be a trustee for John Buttrick for such proportion of the land levied on, as Buttrick's debt bears to Kendall's. On the plaintiff's objection to this evidence, it was ruled that evidence of declarations made by John Buttrick, before the indorsement of his note to the plaintiff, were not admissible to affect the title of the plaintiff, Kendall. The Court are of opinion that this limitation should not have been imposed ; that the plaintiff having consented to adopt Buttrick's note and unite it with his own in one writ, the judgment rendered thereon was composed of the two demands so blended, that it must either stand good for the whole or void for the whole.

In this way Buttrick became a party in interest with the plaintiff, by his consent, their interests were united, and evidence which would defeat or postpone the attachment as against one, must necessarily affect the validity of the attachment, in the same manner, as it regards the other. Were it otherwise, a valid title under an unregistered deed might be defeated in favor of a subsequent attaching creditor, having full notice of such prior unregistered deed at the time of the attachment, contrary to the policy, and, under the Revised Statutes, to the express rule of law. There is no direct authority, and the point is not free from difficulty ; but, as the attachment ought not to avail in favor of any one, who has a direct interest in it, and in the land levied on under it, having such notice, as it cannot be avoided against one, without setting aside the attachment altogether as against a prior unregistered deed, the Court are of opinion, that the holder under such deed ought to be allowed to show the admissions and declarations of any one so directly interested in the attachment. It is analogous to the case where two or more are parties to the suit in which the attachment is made, and in that case the acts and declarations of either may be given in evidence, to affect the validity of the attachment.

*Verdict set aside and new trial granted.*