## GODFREY v. HAYS.

1. A father being obliged to support his children, is entitled to their services during minority, and to the product of their labor, so long as they remain members of his family, but if he drive them away, or voluntarily permit them to leave him, and provide for themselves, he is not entitled to their earnings.

2. Where a father made a contract with his son, *then living with him*, that he would give him a slave for doing certain work upon a mill, which was done, and the slave conveyed to the son—*held*, that the slave could be taken in execution at the suit of the creditors of the father.

ERROR to the Circuit Court of Sumter.

Detinue by the defendant in error, against the plaintiff in error, for a slave.

From a bill of exceptions, taken at the trial, it appears that the defendant produced, and proved, a bill of sale, for the slave, from his father to him. That the son, being a minor, living with his father, by contract with the latter, assisted in repairing a mill, the property of the father, which was the consideration for the conveyance of the slave; and proved that the labor was equal to the value of the slave. Both the son and the slave remained with

the father, after the conveyance. At the time of the conveyance, the father was possessed of considerable property, and in good credit, though considerably indebted at the time; and that, subsequently, all his property had been sold, without satisfying his debt; the slave, so conveyed to the son, being sold under executions against the father.

Upon these facts, the counsel for the defendant moved the court to charge the jury, that if they believed that the father was indebted before and at the time of the contract with his infant son, and that the negro in controversy was sold under execution on account of a pre-existing debt, that then the plaintiff ought not to recover. And, further, that when a parent is indebted, and his minor son, who is living with him, does work for the parent under contract with him, and the parent, in consideration thereof, transfers a slave or other property to the minor, such transfer is void against pre-existing creditors.

These charges the court declined giving; and charged the jury —1st. That if they believed the contract was entered into to delay, hinder or defraud creditors, it was void. 2d. That though the son was a minor, and living with his father, yet if the work, which was the consideration of the transfer, was done pursuant to a previous contract, it was valid, even against pre-existing creditors; but, if the work was performed without any previous contract, and the father, after it was done, had conveyed the slave in satisfaction thereof to the son, the transfer would be void against pre-existing creditors. To all which, the defendant excepted; and judgment being rendered for the plaintiff, the defendant prosecutes this writ, and assigns for error the matters of law arising on the bill of exceptions.

Boyd, for plaintiff in error, cited 3 Porter, 196; 3 Johns. Ch. R] 481; 15 Mass. 274; 2 Wendell, 461.

Smith, contra, cited 12 Mass. 375; 15 id. 272; 2 id. 113; 10 id. 287; 1 id. 525; 3 Pick. 201; 7 Cow. 92; 5 Wend. 204; 5 Johns. Rep. 324.

ORMOND, J.—From the obligation of the father to support his children during minority, he is entitled to their services, and to the earnings of their labor. The right and the duty are recip-

rocal; for it cannot be doubted, that if the father should refuse to support his child, and drive him from the parental roof, that he could not claim his earnings. [Nightingale v. Withington, 15 Mass. 272.] The law would be the same if the father should permit the child to labor for his own benefit; but in such a case, the child must cease to be a member of the family; the relative obligations of parent and child must cease—in the language of the case just cited, the child must be "emancipated."

In such a case, no doubt, the father might employ his child, and compensate him for his labor, and the product of his earnings would be beyond the reach of the creditors of the father, as they have no claim, legal or moral, on the labor of his child; but when the child is a part of the family, the product of his labor belongs to the father; and is, therefore, subject to the payment of his debts.

These principles are decisive of this case. Here, the son remained under the parental roof, and the family relation of father and child was not severed. The obligation of the father for maintenance, therefore, continued; and, as a consequence, he was entitled to the earnings of the son.

If it were conceded that this contract could be enforced by the son against the father, it would avail nothing in this case. The father being entitled to his earnings, the conveyance of the slave on account of the labor of the child, was without consideration, and void as against creditors. Let the judgment be reversed, and the cause remanded.