## LYON v. BOLLING ET AL.

1. Judgments, and the proceedings in the causes in which they were rendered, can only be proved by the production of the record itself, or by a certified or examined copy, by the clerk of the court. They are not sufficiently verified by the oath of a witness, that he was at one time clerk of

the court, and that certain papers exhibited to him as records of the court, were issued and filed by him, when he was clerk of the court, and are in his hand-writing, and that of his deputies, and he believes they are the records of the court; and of another witness, that he received the records from the clerk of the court, as the records of the suits to which they relate.

2. If records are lost, or destroyed, copies may be substituted, or, perhaps, the substance might be proved.

3. It is competent to make the objection at the trial, that the record of a judgment is not established. If the objection was, that there was a defect in the exemplification, it should be made while the testimony is being developed.

4. When real estate held by a son, is attempted to be sold for the debts of the father, the declarations of the father, in the absence of the son, are not sufficient to establish, that the father paid for, and improved the property, in opposition to the explicit denial of the son in his answer.

5. The silence of a defendant, in respect to an allegation of the bill, will not be considered an admission of the fact, unless the fact is alledged to be within his knowledge.

6. A father may permit his child to leave the parental homestead, and labor for his own benefit, and thereby relinquishes all claim to his earnings; the creditors of the father cannot therefore subject them to the payment of their demands.

7. Error of judgment, or mistake of counsel, as to the pertinency, or force of evidence, furnish no ground for a re-hearing in chancery. Whether this court can review the decision of the chancellor in refusing a re-hearing, quere.

Error to the Chancery Court of Mobile. Before the Hon. A. Crenshaw, Chancellor.

THE bill was filed by the plaintiff in error, and alledges, that he was the indorser of Thomas R. Bolling, on three promissory notes of $1,250, executed by him to one Diego McVoy. That judgment was obtained by McVoy on two of the notes, and execution thereon being returned not satisfied as to Bolling, he was compelled to pay them, and the last note he has paid without suit. These notes were made on the 1st November, 1836, and due at six, nine, and twelve months after date.

That T. R. Bolling purchased from one Gazzam, a lot of land in Mobile, and took the deed therefor in the name of his son, Thomas T. Bolling, an infant, on the 10th December, 1842—that the purchase money was paid by Thomas

R., the father, who took possession of the premises, and has ever since resided thereon—that the son was destitute of means to make the purchase, and that the conveyance was thus taken to defraud the creditors of the father.   The prayer of the bill is for a sale of the premises, &c.

Thomas T. Bolling, by his answer, denies that his father purchased the land of Gazzam, or that he paid, or is bound to pay, any portion of the purchase money, but that the purchase was made on his own account, and the improvements made thereon with his means, and denies all fraud.

Gazzam also answered the bill, and states, that the sale was made to Thomas T. Bolling, and that he relied upon, and looked to him, and not to Thomas R., the father, and states his reasons for trusting Thomas T., though not of age.

T. R. Bolling also answered in substance the same.   He admits that he resides on the premises, but states that it is by the sufferance of his son.

Testimony was taken by the complainant, in support of the bill, and the answer of Gazzam was by agreement, considered as his deposition.   See the opinion of the court.

The complainant proved by George Huggins, sheriff of Mobile, the payment by him of $659 44, the balance of execution in favor of McVoy, and that an execution held by him against T. R. Bolling, at the suit of the same plaintiff, was returned no property found.   And by W. Magee, a previous sheriff, the receipt of other monies, on judgments of McVoy against complainant, and also the return of no property as to T. R. Bolling.   The receipts for these amounts, which were made exhibits to the bill, were also proved; but it does not appear from the record, that the executions were produced.

He also proved by M. J. McRae, that he was clerk of the circuit court of Mobile, from August, 1837, to August, 1841, and that the papers exhibited to him by Mr. Hall, as records of said court, were issued and filed by him, when he was clerk of said court, and that they are in the hand-writing, so far as the writing purports to be done by the clerk of the court, of deponent, and his deputies, and he believes they are the records of the court.

John Hall made oath in open court, that he received the

records from the present clerk of the circuit court of Mobile, handed to him by the clerk, as the records of the suits to which they relate.    [*Note*—The records here referred to are not set out in the record.]

The complainant also proved, by James Perrine, and William Brooks, the declarations of Thomas R. Bolling, in regard to his ownership of the lot, and to his having made the improvements on it, with his own means; but it was not shown, that T. T. Bolling, the son, was present when these declarations were made.

The chancellor at the hearing considered, that the complainant had not made out his case by legal testimony, and dismissed the bill.    And refused to grant a petion for a rehearing, to enable the complainant to perfect his testimony. From this decree this writ is prosecuted, and these matters are now assigned as error.

E. W. PECK, for the plaintiff in error.

1.  The evidence of the declarations of Thomas R. Bolling, were improperly suppressed.    They were made when he was in the actual possession of the premises—a possession which he had then enjoyed for some tlme, and has continued to enjoy up to the present time—and more than all this, at the time the declarations were made, he was engaged in making permanent and extensive improvements, such as are altogether unusual to be made by a tenant—his declarations therefore were admissible as a part of the *res gestae.*    Bliss v. Winston, 1 Ala. 344; 4 Taunt. 16; 5 Eng. Com. L. Rep. 75; 4 Conn. R. 456.

2.  If the evidence of the character of Thomas R. Bolling, and his declarations also, are excluded, yet his acts, taken in connection with the other facts and circumstances of the case, substantially prove that the purchase was made for his benefit, and that the name of his son was used to protect the property from his creditors.

3.  Although it would have been more regular to have produced certified copies of the records of the circuit court, yet the records themselves, with the affidavit of the register, and the examination of the person who produced them in open court, was sufficient; if not, the court should have given time

to procure the certified copies. Besides, as the record does not show that any objection was made to this evidence when it was offered, the fair presumption is, that it was not made until the argument, and if so, then the objection came too late, and should have been disregarded by the court. Again, the executions, and the payments upon them, are proved by the sheriffs, Huggins and Magee, and furthermore, the bill charges the recovery of the judgments, and the answer of Thomas R. does not deny them, they will therefore as to him be considered as admitted. 7 Ala. R. 374; Lyon v. Bolling, 9 Ib. 463. On the facts of this case I wish to call the attention of the court to the inception of this transaction, if it was not fair then, it has probably grown no better since. Thos. R. Bolling got the possession of the premises in 1839, under the agreement assigned to Thos. T. Bolling, his son, then a mere boy, sixteen years old. Is it probable that this boy, of his own head would ever have thought of this matter?

4. If the court are unable to reach the conclusion that this transaction is fraudulent in fact, yet, inasmuch as the improvements were undoubtedly made by Thomas R. Bolling, he being the debtor of the complainant at the time, (for a security is a creditor within the purview and meaning of the statute of frauds,) he is entitled to have the value of of the improvements devoted to the payment of his debt, on the authority of the case of Hoot et al. v. Sorrell et al. 11 Ala. 386. The frame and prayer of the bill is sufficient to entitle the complainant to to this relief, and therefore the bill was improperly dismissed.

J. A. CAMPBELL, contra.

1. The original papers produced and proven by Hall and McRae, were not admissible in evidence. The record provided by the statute should have been produced, or a transcript from that record. Brown v. Isbell, 11 Ala. R. 1020; 9 Ib. 973. The judgments were not offered in evidence, but simply the pleadings of the cause. These do not form a part of the record, and this court cannot say what they are.

2. Without proof of a judgment, no proceeding could have been proper to set aside the conveyance to T. T. Bolling,

even on a confession of fraud. A judgment is indispensable to justify an appeal to the court of chancery in such a case. 1 Barb. & Har. Dig. 339, for the cases; 10 Ala. 433; 3 Myl. & Craig, 407; 9 Dana, 93.

3. Had the execution been executed, and the contest had arisen for the property, a purchaser would have been required to show a judgment to sustain his title. The judgment is an indispensable muniment of title, without the production of which Thomas T. Bolling cannot be put to his defence. 1 Monroe, 154; 3 Stew. & P. 184. Lyon cannot proceed upon the claims he has paid, when no judgment is averred—1. The statute of limitations pleaded by Thomas R. Bolling bars those claims; more than six years has elapsed. 2. A judgment is necessary to warrant the interposition of a court of chancery. 4 Johns. Ch. Rep. 671; 1 Bar. & Har. Dig. 339.

4. The proof of judgments could not have been made without notice to the defendants. The rule is explicit. 7 B. Monroe Rep. 120; 4 Hen. & Munf. 441; 1 John. Ch. R. 557; Clay's Dig. 618, 51 rule; 2 Danl. Ch. Pr. 1028, 1009.

5. The existence of these judgments is not admitted in the answers. The failure on the part of Thomas T. Bolling to answer in regard to them cannot be construed as an admission of their existence. He was no party or privy to them, nor is the fact of their existence even within his knowledge. The judgments are not described in the bill. No admission of his co-defendant can affect him. Greenl. Ev. 210; Hill & Cowen's Notes, 931-2; 2 Danl. Ch. Pr. 981; 1 Barb. Ch. Rep. 105, and note.

6. No complaint can be made that a re-hearing was not allowed. 2 How. S. C. Rep. 238.

COLLIER, C. J.—This cause was here at a previous term, and the decision then made settles the equity of the bill, at least to the extent of the judgments which McVoy recovered against T. R. Bolling, (9 Ala. Rep. 463;) and we are now to consider whether the complainant has sustained his case by proof.

The testimony adduced to establish the existence of the judgments described in the bill was clearly incompetent.

These judgments, and the proceedings in the causes in which they were rendered, if they ever existed, were *prima facie* matters of record, and could only be proved by the production of the record itself, or by a certified or examined copy; if they were lost or destroyed, the fact should have been shown, and copies substituted upon proper evidence, or perhaps the substance of them might be proved as testimony in the cause. See Adams v. Betts, 1 Watts Rep. 428; 3 Phil. Ev. C. & H's Notes, 1067, *et seq.* In the Inhab. of Stockbridge v. The Inhab. of West Stockbridge, 12 Mass. Rep. 400, it was said, that records generally are proved by inspection, or by copies properly authenticated; but if there be sufficient proof of loss or destruction of a record, much inferior evidence of its contents may be admitted; and it cannot be doubted that parol evidence is competent to prove the existence and loss of a record. See also, 3 Phil. Ev. C. & H's Notes, 1058 to 1061.

The copy offered in evidence must be a copy of the original, and from the clerk of the court which rendered the judgment. 3 Phil. Ev. C. & H's Notes, 1065, 1076, 1240. An examined or sworn copy is in general to be proved such, by one who has compared it with the original. Where however, a witness testified that a certain record of a power of attorney, was a copy of the original made by him, and that the copy produced was a true copy of the record, having been compared with it by himself; it was held, that this was not the case of a copy simply, but the case of a second copy, verified as a true copy of the original; and therefore admissible as secondary evidence. This was considered precisely the same as if the witness had made two copies of the original at the same time, and then compared one of them with the original, and the other with the first copy, which he found correct; that although the mode by which the second was ascertained to be a true one of the original, may have been more circuitous than that by which the first was found to be correct, yet this consideration only went to the strength, and not to the dignity of the proof. Id.; Winn v. Patterson, 9 Pet. Rep. 663.

In Brewster v. Countryman, 12 Wend. R. 446, a sworn copy of an agreement was produced against the defendant,

who had himself destroyed the original. The plaintiff proved that he had requested H to make a copy of the agreement, and the paper offered was in the hand-writing of H; a witness stated, that he had seen the original, and the alledged copy was substantially correct. The court thought the authenticating testimony pretty strong, but the testimony of H, whose absence was not accounted for, would be stronger, and that the secondary evidence should not be received. See further as to the admissibility of examined or certified copies, Kerns v. Swope, 2 Watts' Rep. 75; Garland's Ex'r v. Goodloe's Adm'rs, 2 Hayw. Rep. 351; Garwood v. Dennis, 4 Binn. Rep. 314; Baker v. Preston, Gilm. Rep. 235; 3 Phil. Ev. C. & H's Notes, 1243; Woodward v. Harbin, 1 Ala. 104.

Conceding that the records which were offered by the complainant, were the same that are referred to in his bill, and it may be questioned whether the proof of their authentication was not altogether insufficient. It merely affirms that one of the witnesses to the point was clerk of the circuit court of Mobile from 1837 to 1841, and that the papers exhibited to him by the other witness, as records of that court, "were issued and filed by him when he was clerk," "that they are in the hand-writing, so far as the writing purports to be done by the clerk, of the deponent and his deputies, and he believes that they are the records of that court." The other witness testifies that he received the record from the present clerk of the circuit court, as the record of the suits to which they relate. The records in respect to which the witnesses speak are doubtless the original papers in the case to which they refer, and are only admissible upon the hypothesis that the final records were not made up. Ansley v. Carlos, 9 Ala. Rep, 973; Brown v. Isbell, 11 Ala. Rep. 1009. Where an objection is made to the decision of an inferior court for the rejection of the original papers, will not a revising tribunal intend, that the clerk of the court from which the papers come, has done his duty, and recorded them within the time prescribed by law, unless the reverse appears? *Again:* should not the genuineness of the papers be shown by the testimony of their custodian, the clerk?

We need not stop to answer these questions, for conceding

Lyon v. Bolling et al.

the papers were sufficiently authenticated, and still it does not appear that the judgments rendered in the suits were produced; and if they were, it is perfectly clear that the proof did not authorize their admission. It is not pretended that they were certified by the clerk, and neither of the witnesses whose evidence is relied on, testify that they compared them or even heard any one say the papers offered were copies of the entries of record. So that if the original papers in the suits of McVoy against the complainant, are improperly excluded, the complainant has not been prejudiced; as his case could not be made out without producing the judgments which he alledged he had paid. Locke v. Winston, 10 Ala. Rep. 849.

It does not appear from the record, that the objection to the defect of proof was not made until the argument of the cause; and it was certainly competent then, to have urged for the first time the absence of the judgments as a ground why the complainant should be denied the relief he sought. If an objection goes merely to a defect in an exemplification of a record, it should perhaps be made while the evidence is being developed. See Burton v. Pettibone, 5 Yerg. R. 443; 2 Phil. Ev. C. & H's Notes, 558; 3 Id. 790. But this is not a point in the cause as presented to us.

The answer of T. T. Bolling explicitly denies that his father purchased the land in question of Gazzam, or that he paid, or is bound to pay, any portion of the purchase money, affirms that the purchase was made upon his own account, and the improvements were paid for with funds provided by him: he also denies all fraud, and declares that resources derived from his own personal employment were entirely adequate to the expenditure. As it respects the purchase, his answer is fully sustained by his co-defendant, Gazzam, whose answer it is agreed shall be considered as a deposition; and thus supported, it is not overbalanced by the testimony of Brooks and Perrine, which merely relate declarations or acts of T. R. Bolling when his son was not present. Conceding that these depositions are competent evidence, so far as they are explanatory of the declarant's possession, and still they cannot outweigh the answer of T. T. Bolling, supported as

96

it is by Gazzam, and the testimony of Fettyplace and Good-man, as to his means of purchasing and improving the property. Beyond what we have intimated, it is clear that the declarations of the father are are inadmissible, and cannot affect the son. McBride and wife et al. v. Thompson, 8 Ala. Rep. 650.

The testimony of the witnesses for the complainant in respect to the improvements, are not sufficiently potent to override the denial in the answer of T. T. Bolling, that they were made by his father. If the declarations of the latter are placed out of view, the evidence is not inconsistent with the supervision by him of the improvements upon the son's account. But admit the declarations of the father are competent testimony, are they irreconcileable with the idea that the land was his son's property, and the former was improving it with means furnished by the father? The remark of T. R. Bolling, that he was erecting buildings upon his land, that he wished to borrow money for that purpose, and that he found it difficult to raise money to pay the workmen as the work progressed, may have been a loose mode of expressing himself, and in view of the positive assertions of the answer upon the subject, and the testimony that the father was restricted in his means, and that the son was engaged in a prosperous business, we strongly incline to regard them as insufficient proof. *Besides*, it may be asked whether these declarations, although related by several witnesses, are entitled to greater weight than the testimony of one testifying to the same facts, as they all emanate from a single individual, and rest upon his veracity? If such be the effect of the evidence, the familiar rule, that the testimony of one witness will not overbalance a positive answer responsive to the bill, is decisive of the point.

There can be no pretence that the reason assigned by T. R. Bolling, for the purchase having been made in his son's name, cannot defeat, or in any manner impair the title of the latter. And the want of punctuality of the father, if admissible evidence under any circumstances, does not tend to establish any point at issue in the present case.

The failure of T. T. Bolling to answer as to the indebtedness of his father to the complainant, cannot be regarded as

Lyon v. Bolling et al.

an admission of the fact. It is not alledged in the bill that this defendant was informed of the payments made by the complainant to McVoy, and it cannot be presumed that he possessed other knowledge or information in respect to them, than the bill affords. The rule, then, "that whatever is specifically averred in a bill, and not denied in the answer, must be taken as admitted, does not apply." Thompson v. Carson et al. 1 Porter's Rep. 257; Kirkmans et al. v. Vanlier, 7 Ala. Rep. 217.

It may be conceded that a father is not allowed to make advancements to his children to the prejudice of his creditors. Patterson v. Campbell, 9 Ala. Rep. 933; Elliott et al. v. Horn et al. 10 Ala. Rep. 348. But he may permit his child to leave the parental homestead, and labor for his own benefit—in such case, the father is supposed to have "emancipated" the child for the time being, and relinquished all claim to his services, or the earnings of his industry. Nightingale v. Withington, 15 Mass. Rep. 272; Godfrey v. Hays, 6 Ala. Rep. 501; Tillotson v. McCrillis, 11 Verm. Rep. 477; Smith v. Knowlton, 11 N. Hamp. Rep. 191; Wodell v. Coggeshall, 2 Metc. Rep. 89; White v. Henry, 11 Shep. R. 531; Lord v. Poor, 10 Shep. Rep. 569; Shute v. Dorr, 5 Wend. Rep. 204; Benson v. Remington, 2 Mass. Rep. 113; Jenney v. Alden, 12 Mass. Rep. 375; U. S. v. Metr, 2 Watts' Rep. 406; Eubanks v. Peak, 2 Bail. Rep. 497; Whiting v. Earle, 3 Pick. Rep. 201; Chase v. Smith, 5 Verm. R. 556; Galbraith v. Black, 4 Serg. & R. Rep. 207; Sumner v. Sebec, 3 Greenl. R. 223; Manchester v. Smith, 12 Pick. 113. It is abundantly apparent from the answers and proof, that the father in the present case permitted his son to leave his house and engage in business upon his own account, without attempting to control him in his contracts or in the disbursement of his money. This being the case, it follows, that the father has not yielded up to the son any thing which his creditors can subject in any *forum* to the payment of their demands.

In respect to the application to the chancellor to open his decree or re-hear the cause, that the complainant may perfect his record evidence, we would remark, that it has been

decided that error of judgment, or mistake of counsel as to the pertinency or force of evidence, furnishes no ground for a re-hearing. Baker v. Whiting, 1 Story's Rep. 218. Nor will a rehearing be granted, because the importance of the testimony has only been discovered since the decree was announced; if the party had it in his power to ascertain its importance before the hearing, and has neglected to obtain it. Prevost v. Gratz, 1 Pet. C. C. Rep. 364. See Daniel v. Mitchell, 1 Story's Rep. 198; Hinson v. Pickett, 2 Hill's Ch. Rep. 357; Decarters v. Le Farge, 1 Paige's Rep. 574. Rehearings in equity, after a decree, are not a matter of right, but rest in the sound discretion of the court. Daniel v. Mitchell, *supra;* Travis v. Waters, 1 Johns. Ch. Rep. 48; Field v. Schieffelin, 7 Id. 256; Harrison v. Hall, Hop. Rep. 112; Land v. Wickham, 1 Paige's Rep. 256; and the refusal to grant it cannot be revised on appeal. Rowley v. Benthuysen, 16 Wend. Rep. 369; Rogers v. Hosack, 18 Wend. Rep. 319; Tripp v. Cook, 26 Wend. Rep. 150; Owings v. Worthington, 10 G. & Johns. Rep. 283; Scott v. Crawford, Id. 379; Merriam v. Barton, 14 Verm. Rep. 501. Without stopping to scan with more particularity the motion for a rehearing, or to consider whether the writ of error attempts to bring up the order of the chancellor denying it, we are satisfied if the authorities cited are to be followed, the chancellor exercised his discretion wisely, and his decision cannot be revised. Our conclusion is, that the decree dismissing the bill with costs be affirmed.