Briggs *v.* McCabe, Guardian of Tague.

*J. McCabe,* for appellant.

*W. H. Mallory,* for appellee.

———◆———

BRIGGS *v.* McCABE, Guardian of TAGUE.

PROMISSORY NOTES.—ASSIGNMENT OF, BY INFANT PAYEE.—Suit by the guardian of an infant upon a promissory note, payable to the ward, and which had been assigned by the ward. The complaint alleged that the assignee had notice of the minority of the payee; that the infant had disaffirmed the contract of assignment, and that the note was then in the hands of the assignee, or had been taken up by the maker, who also had notice, &c. Answer, that the defendant had, before suit, in good faith, paid the note to the assignee; that the infant still retained the consideration received for the assignment, &c. Reply, that the assignment was procured by fraud and upon an insufficient consideration, of which defendant had notice, &c.

*Held,* that it was not necessary that the complaint should show that the infant disaffirmed the assignment before payment by the maker to the assignee. That was matter of defense.

*Held,* also, that the infant might disaffirm without tendering back the consideration he had received for the assignment.

SAME.—*Quære,* whether in case of payment by the maker in good faith, and before notice of disaffirmance, the infant can recover.

EVIDENCE.—PRACTICE.—An objection to the admission of evidence must disclose the ground of the objection.

APPEAL from the *Warren* Common Pleas.

GREGORY, J.—*McCabe,* as guardian of *William Tague,* an infant, sued *Briggs,* the appellant, in the court below, on a

promissory note, not negotiable, payable to the ward. A copy of the note is made a part of the complaint. In addition to the usual averments, it is alleged that the note was transferred by assignment by the payee to *Lewis Mitchell* for a trifling consideration, neither for money nor necessaries, the said *Mitchell* having notice that *Tague* was a minor; that *Lewis Mitchell* transferred the note to *Lafayette Mitchell*, who had notice of the minority of the payee; that the note was then either in the hands of *Lafayette Mitchell* or had been compromised and taken up by the defendant, who had notice that the ward was a minor; that the contract of assignment by the payee had been wholly disaffirmed; that the note belonged to the estate of the ward, and remained unpaid. The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and this is assigned for error.

The defendant answered, 1. The general denial. 2. That the note was fully paid to *Lafayette Mitchell*, the holder and owner of the same, who claimed property therein by an assignment thereof made by *William Tague* and *Electa Tague*, the mother of the former, which assignment, as well as the payment, was before the commencement of this suit; that the payment was made by the defendant to *Mitchell* before the former had any notice or knowledge whatever that *William Tague* held any claim to, or any interest, right or title in the note; that the payment was made in good faith, and before the plaintiff was appointed guardian of the payee. 3. That before the commencement of this suit, *Tague*, the ward, sold and assigned the note, for a full and valuable consideration, to *Lewis Mitchell*; that *Tague* received the consideration, and still retains the same; that *Lewis Mitchell* sold and transferred the note, before any guardian was appointed, to *Lafayette Mitchell*, who brought an action against the defendant to enforce the collection thereof, of which the alleged guardian had notice; that afterwards, and before the commencement

of this suit, the defendant, in good faith, fully paid the note to *Lafayette Mitchell*, who canceled and delivered the same to him.

The plaintiff demurred to the third paragraph of the answer, and the demurrer was sustained. But the plaintiff afterwards waived the demurrer, and replied to the second and third paragraphs of the answer that the *Mitchells* conspired together to cheat and defraud the minor out of his property in the note, and took advantage of his tender years and inexperience, knowing the same, and that the said four hundred dollar note had lately come to his estate; that the said *Lewis Mitchell* obtained the assignment of the note by false representations, and by puffing certain personal property, among which was a certain mare, which he represented to be sound, but which proved to be diseased, all of which was of small value compared with the note, to-wit, only of the value of two hundred dollars, and of no use to the minor; that *Briggs* had full knowledge of the fraud, and in the presence of the minor and his mother refused to pay the note to the *Mitchells*, or either of them, on the ground of the minority of the payee and the fraud of the assignees; that afterwards, the minor having procured the appointment of the plaintiff as his guardian, the said guardian appeared in the Circuit Court, in which *Lafayette Mitchell* had sued the defendant upon the note, to defend as to the interests of the ward, and to furnish *Briggs* with a good defense, but that *Mitchell* dismissed the action, and, by a secret arrangement with *Briggs*, surrendered the note to him, for a sum much less than the face thereof, before the guardian, by the use of due diligence, could give him actual notice not to pay the note.

The defendant demurred to this reply. The demurrer was overruled, and this is assigned for error. Trial by jury. Verdict for the plaintiff for the amount of the note and interest. Motion by the appellant for a new trial overruled. The evidence is in the record. The jury were warranted by the evidence in finding the issues for the plaintiff.

It is claimed that the complaint is bad in not showing that the infant disaffirmed his contract of assignment before payment by the appellant to the assignee, and notice thereof to the former. It was not necessary for the plaintiff to anticipate the defense in his complaint. It was sufficient, in addition to the usual averments, to have alleged that the note was in the possession of the defendant wrongfully. This is substantially shown by the averments. The facts alleged in the complaint do not make a defense to the note. Neither payment nor accord and satissaction is shown. The averments that the infant had disaffirmed the contract of assignment, and that the note was unpaid, were sufficient to show property in the note in the plaintiff, notwithstanding the defendant had possession thereof. The infant could disaffirm his contract without tendering back the property received by him. *Miles* v. *Lingerman*, 24 Ind. 385. At all events, the infant had nothing in his hands that he was bound to restore to the appellant. As to what would be the remedy of the assignee in reclaiming his property, there is now no question before the court. Contracts of this kind may be avoided by the infant before he arrives at full age. 1 Parsons on Con. 322; *Stafford* v. *Roof*, 9 Cowen 626.

As to what would be the effect of payment by the maker of a note to the assignee of an infant payee, before disaffirmance, it is not now necessary for us to decide. The appellant is not in a condition successfully to insist on such a payment. Mr. *Parsons*, in his late work on notes and bills, says: "An indorsement may be made by one who is, if we may so speak, partially incapacitated. Thus, it seems to be the better rule that an infant may indorse a bill, and the indorsement will have the effect of transferring the paper; so far that title may be made through the infant. But such indorsement will not hold him liable, nor will it pass the property in the note out of him, as against his interest." 2 Parsons on Notes and Bills 3. But we do not decide that when the parties act in good faith, the infant payee can

recover against the maker of a promissory note, where the latter has paid it to an assignee, before disaffirmance of the contract of assignment by the infant. That point does not seem to have been decided in any of the adjudicated cases to which our attention has been called. The cases of *Dulty* v. *Brownfield*, 1 Barr 497, *Willis* v. *Twambly*, 13 Mass. 204, and *Nightingale* v. *Withington*, 15 Mass. 271, do not sustain the author of the notes to the American Leading Cases in his statement on this point. 1 American Leading Cases 261. There seems to be no reason why the maker should not be liable, even after payment, to the infant payee, after disaffirmance of the assignment, unless the former is first entitled to be restored to his original condition. It has been repeatedly decided that the assignee, in such a case, may recover of the maker, but that does not determine what would be the rights of the infant after disaffirmance. The maker is in no condition to question the right of the payee to assign. : *Frazier et al.* v. *Massey*, 14 Ind. 382. We think both the complaint and the replication are good, and that the court below committed no error in overruling the demurrers.

It is claimed that the court erred in admitting in evidence a copy of the note sued on, the defendant not having been served with notice to produce it on the trial. The objection to the introduction of the copy did not raise the question. The ground of the objection was not stated. *Blasingame et al.* v. *Blasingame,* 24 Ind. 86.

The judgment is affirmed, with costs.

*W. P. Rhoads*, for appellant.

*J. McCabe*, for appellee.